UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANN LEE                                                      CIVIL ACTION

VERSUS                                                         NO. 13-418-BAJ-RLB

FAEC HOLDINGS (LA), LLC

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 31, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANN LEE                                                           CIVIL ACTION

VERSUS                                                              NO. 13-418-BAJ-RLB

FAEC HOLDINGS (LA), LLC

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a referral from the district judge of the plaintiff's

Motion to Remand. (R. Doc. 9).  The motion is opposed by defendant FAEC Holdings (LA),

LLC ("FAEC"). (R. Doc. 14).  The issues are whether the parties are completely diverse and

whether the amount in controversy required for jurisdiction under 28 U.S.C. § 1332 has been

satisfied.

I.      Background

On May 14, 2013, the plaintiff, Joann Lee, filed her petition in the 19th Judicial District

Court, East Baton Rouge Parish, Louisiana.  (R. Doc. 1-4 at 1-4, "Petition").  The plaintiff

alleges that on or about May 15, 2012, she was walking into Sage Rehabilitation Hospital in

Baton Rouge, LA, and "slipped and fell in a puddle of excess water from mopping that had

occurred prior to her fall." Petition, ¶ 2.  The plaintiff alleges that as a result of the fall, she

"suffered painful and disabling bodily injuries necessitating medical treatment and surgery."

Petition, ¶ 4.  According to the petition, the "above mentioned accident was caused by the

negligence and/or legal fault" of the defendants. Petition, ¶ 5.

1

Plaintiff "particularly" alleges that her injuries include, but are not limited to, the

following:

      a)     Back injuries;
      b)     Spinal surgery;
      c)     Permanent restrictions and disabilities;
      d)     Pain, swelling, stiffness and soreness in the affected areas set forth herein;
      e)     Restrictive movement of the affected area set forth herein;
      f)     Sleeplessness, frustration, psychological depression; and
      g)     Other injuries to be fully explained and set out in Petitioners medical records and/or to be proven at the trial of this matter.

Petition, ¶ 7.

Plaintiff claims entitlement to the following damages:

      a)     Physical pain and suffering, past, present and future;
      b)     Mental pain, anguish, and distress, past, present and future;
      c)     Medical expenses, past, present and future;
      d)     Physical disabilities and impairment;
      e)     Loss of enjoyment of life, past, present and future;
      f)     Lost wages/lost income, past, present and future;
      g)     Loss of earning capacity; and
      h)     Any and all other damages which shall be proven at the trial of this matter.

Petition, ¶ 8.

On June 27, 2013, FAEC filed a Notice of Removal asserting that the court has diversity

jurisdiction over the state court action under 28 U.S.C. § 1332.  (R. Doc. 1).  The Notice of

Removal states that it is facially apparent from the petition that the amount in controversy has

been satisfied. (R. Doc. 1 at 2).

## II.    Arguments of the Parties

In support of remand, plaintiff argues she is not diverse from the defendant because

"FAEC Holdings is considered to be a citizen of Louisiana for diversity purposes" as "FAEC

Holdings holds a principle [sic] business establish [sic] in Louisiana." (R. Doc. 9 at 1 and 2).[1]

---

[1] Plaintiff also argues that the court should not make a determination of jurisdiction until the name of the Member/Manager contained on the filings with the Louisiana Secretary of State can be determined.

Plaintiff also argues that the defendant "has not provided any competent evidence that the Plaintiff's individual claims are in excess of seventy five thousand dollars." (R. Doc. 9 at 2).

In opposition, the defendant argues plaintiff's analysis of the citizenship of FAEC Holdings (LA), LLC is incorrect. (R. Doc. 14).  FAEC is a foreign LLC that is registered in the State of Louisiana.  The citizenship of an LLC is determined by that of its members.  The sole member of FAEC is HCP, Inc., which is a foreign corporation incorporated in Maryland, with its nerve center/principal business office located in California. (R. Doc. 13-5, R. Doc. 14 at 3-4).  As a citizen of Maryland and California, FAEC argues that it is completely diverse from the plaintiff, who is a citizen of Louisiana.  Defendant also argues that the amount in controversy is facially apparent from plaintiff's petition based on the types of injuries and damages alleged and the fact that plaintiff requests a jury trial under Louisiana law. (R. Doc. 14 at 4-9).  Assuming, *arguendo*, that the amount in controversy is not facially apparent, defendant alleges that additional evidence, specifically regarding plaintiff's lost wage claim and medical expenses, establishes the requisite amount in controversy.  (R. Doc. 14 at 9-10).  This evidence was submitted to the court for the first time in defendant's opposition to the Motion to Remand.

**III.    Law & Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)

("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. §1447(c).  The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

As the removing party, the defendant has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper.  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the parties are diverse").  A party invoking diversity jurisdiction must properly allege the citizenship of all parties and show that there is complete diversity.

In addition, if removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2).  If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum.  *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.  *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S.

283, 289 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

      **A.**        **Complete Diversity of Citizenship**

The named parties in this action are the plaintiff, Joann Lee, and the defendant, FAEC Holdings (LA), LLC.  The parties do not dispute that the plaintiff is a citizen of Louisiana. (R. Doc. 7, ¶ 2) ("plaintiff, Joann Lee, is a citizen of Louisiana."); (R. Doc. 9, ¶5) (plaintiff is "a citizen of the State of Louisiana.").

The parties disagree, however, on how to determine the citizenship of the defendant, a limited liability company.  Plaintiff argues that the parties are not completely diverse because FAEC is a domestic Louisiana company and has a principal place of business in Louisiana. (R. Doc. 9, ¶¶ 5-6). As an initial matter, plaintiff's argument is contradicted by her own attachment to the Motion to Remand, that notes that FAEC is a "Foreign LLC" and is therefore not organized as a domestic entity in Louisiana. (R. Doc. 9-1).  In addition, other than noting that FAEC is licensed to transact business in Louisiana, there is nothing to support a determination that FAEC's principal place of business is in this state.[2]

Regardless, the state of formation and the principal place of business of a limited liability company are irrelevant for purposes of determining citizenship.  The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The citizenship of all of the members of a limited liability company must be properly alleged.   In the event a member of a limited liability company is another business entity (such as a corporation, partnership, or limited liability company), the citizenship of that entity must be properly alleged as well.

---

[2] FAEC alleges that its principal place of business is in California. (R. Doc. 13 at n.1).

According to the Second Amended Notice of Removal and the attached business filings, at all times relevant to this proceeding, the sole member of FAEC is HCP, Inc. (R. Doc. 13 at 2). Because the sole member of FAEC is a corporate party, the citizenship of HCP, Inc. will determine the citizenship of FAEC.  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983).  The phrase "principal place of business" in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

The court finds that based on the representations and attachments contained in the Second Amended Notice of Removal, HCP, Inc. is a Maryland corporation with its principal place of business in California.  Therefore, the citizenship of defendant FAEC is both Maryland and California.  Because the plaintiff is a citizen of Louisiana, complete diversity of citizenship is present.

### B.        Amount in Controversy

The remaining issue is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).  The court will first consider whether it is facially apparent from the Petition that the plaintiff's claims likely exceed $75,000.  If it is not facially apparent, the court will consider whether the defendant has set forth any additional summary-judgment type evidence supporting a finding of the jurisdictional minimum.

The Petition alleges that the plaintiff suffered "painful and disabling bodily injuries necessitating medical treatment and surgery" as a result of her fall. Petition, ¶ 4.  The plaintiff

alleges that the negligence of the defendant resulted in, among other things, back injuries, spinal

surgery, and permanent restrictions and disability. Petition, ¶ 7.  The plaintiff seeks to recover

damages including, among other things, physical pain and suffering, mental pain and anguish,

past and future medical expenses, lost wages and income, and loss of earning capacity.  Petition,

¶ 8.  Plaintiff also asserts that the damages are just and reasonable and "exceed Fifty Thousand

Dollars pursuant to C.C.P. Art. 893 and 1732." Petition, ¶ 9.

The circumstances of the alleged incident and the alleged resulting back injury, spinal

surgery, permanent disability, as well as the past and future medical treatment, suggest that the

injuries alleged by the plaintiff are of a serious nature.  Although many of the damages alleged

by the defendant are categorical and provide little specificity, the defendant claims that her

disabling injuries required surgery and she specifically seeks to recover damages for "spinal

surgery."  This is not a categorical claim but is instead a specific claim that defines the extent of

the injury suffered by the plaintiff.

Courts in the Fifth Circuit have concluded that an indication of back surgery or even a

recommendation for back surgery is sufficient to ascertain that the amount in controversy is in

excess of $75,000.  *Lilley v. Home Depot U.S.A., Inc.*, Civ. A. No. H-07-2117, 2007 WL

2317173 (S.D. Tex. Aug. 9, 2007) (discovery response indicating back surgery triggered period

of removability); *Fradella v. Wal-Mart Stores, Inc*., No. Civ. A. 04-1230, 2004 WL 2297474

(E.D. La. Oct. 13, 2004) (evidence that back injury would likely require surgery, along with

medical costs and pain and suffering, sufficient to meet jurisdictional threshold); *Brown v.*

*Richard*, No. Civ. A. 00-1982, 2000 WL 1653835 (E.D. La. Nov. 2, 2000) (discovery responses

indicated that physician recommended back surgery).  *See also Robinson v. Kmart Corp.*, Civ. A.

No. 11-12-RET-DLD, 2011 WL 2790192 (M.D. La. April 28, 2011) (noting that with herniated

discs, whether the amount in controversy is satisfied often turns on whether surgery is recommended).

A review of Louisiana state court cases involving back injuries and spinal surgery also support awards of general and special damages exceeding the jurisdictional amount. *Gaunt v. Progressive Sec. Ins. Co.*, 92 So.3d 1250, 1272 (La. App. 4 Cir. 2012) (lumbar fusion cost of approximately $285,000 and cervical fusion approximately $147,000); *Harvin v. ANPAC Louisiana Ins. Co.*, 944 So.2d 648, 656 (La. App. 5 Cir. 2006) (spinal fusion estimated between $123,400 to $130,472); *Harvey v. Cole*, 808 So.2d 771, 782 (La. App. 4 Cir. 2002) (awarding $300,000 in general damages and $72,756 in special damages for past and future medical expenses where plaintiff underwent cervical fusion surgery); *Jones v. Hyatt Corp. Delaware*, 681 So.2d 381, 394-95 (La. App. 4 Cir. 1995) (awarding $200,000 in general damages and $28,733.90 in special damages for past and future medical expenses where plaintiff underwent anterior cervical fusion surgery to correct neck injury).

Here, the plaintiff alleges that she had to undergo spinal surgery and suffers from permanent restrictions and disabilities.  *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 881-83 (5th Cir. 2000) (facially apparent where plaintiff's damages included medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and permanent disability and disfigurement).  The plaintiff also alleges psychological depression as well as "mental pain, anguish and distress," which the Fifth Circuit has noted, along with the aforementioned allegations of permanent restrictions and disability, may support a "substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

Furthermore, although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are less than the requisite amount for the right to a jury trial or to establish federal jurisdiction.[3]  Plaintiff has specifically alleged that the damages sought exceed $50,000, the threshold for a right to a jury trial in Louisiana. *Brown v. Richard*, No. Civ. A. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement).

There is no statement in the Petition, however, stating that the damages sought are less than the requisite amount to establish diversity jurisdiction.  The absence of such a statement in the Petition may also be considered in determining whether the amount in controversy is sufficient.  *Weber v. Stevenson,* No. 07–595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) (failure to make such a statement is entitled to some consideration but is not, in and of itself, determinative of the amount in controversy).

Based on the foregoing, the court concludes that the amount in controversy is facially apparent.  The court need not determine whether the defendant's post-removal submissions are appropriate and sufficient "summary-judgment type evidence" to resolve any ambiguity and thereby show that the required amount in controversy is present.

---

[3] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."  La. C. Civ. P. art. 893(A)(1).

**IV.    Conclusion**

For the foregoing reasons, the defendant has met its burden of proving that the parties are completely diverse and it is facially apparent from the petition in this matter that the required amount in controversy is present.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 9) be **DENIED.**

Signed in Baton Rouge, Louisiana, on March 31, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

10