UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| JOANN LEE | CIVIL ACTION |
|---|---|
| VERSUS | |
| FAEC HOLDINGS (LA), LLC, ET AL. | NO. 13-cv-00418-BAJ-RLB |

## RULING AND ORDER

Before the Court is Defendant FAEC Holdings (LA), LLC's ("FAEC") **MOTION TO DISMISS (Doc. 8),** seeking an order dismissing Plaintiff Joann Lee's ("Lee") Petition with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (*id.* at pp. 1–2). Lee opposes FAEC's Motion. (Doc. 18).[1] Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 1441.

## I. BACKGROUND

Taken alone, Lee's Petition for Damages is far from clear. Indeed, Lee's Petition might charitably be described as a "shotgun pleading."[2] *Kelly v. Huzella,*

---

[1] In addition to opposing FAEC's motion to dismiss for failure to state a claim, Lee requests that this action be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). (*See* Doc. 18 at pp. 1, 6–7). Although not stated in so many words, Lee's request for *dismissal* pursuant to Rule 12(b)(1) is *actually* a request for *remand* for lack of subject-matter jurisdiction pursuant to 28 U.S.C. 1447(c). (*See id.* at p. 6 ("Similar to [the standard for Rule 12(b)(1)], there is a pending Motion to Remand and the Plaintiff asserts that she is entitled to have the jurisdictional issues resolved before the Motion to Dismiss . . . [is addressed] by this Honorable Court.")). On July 17, 2014, this Court denied Lee's separately filed motion to remand, (Doc. 16), and Lee has not produced any evidence, or made any argument, which would justify relief from that Order, (*see generally* Doc. 18 at pp. 6–7). Accordingly, because the Court has *already* addressed the "jurisdictional issues" raised by Lee, (*id.* at p. 6), it declines to address such issues again here.

[2] A shotgun pleading is characterized by factually unsupported claims and frequently fails to specify which defendant is responsible for each act alleged. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295–96 (11th Cir. 2002); *Beckwith v. Bellsouth Telecommunications Inc.,* 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"). Thus, with a shotgun pleading "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent.*

71 F.3d 878 at *4 (5th Cir. 1995) (unpublished but persuasive) (describing a "shotgun pleading" as "frivolous"). However, when supplemented by Lee's opposition to FAEC's motion to dismiss, the following facts emerge: Lee is employed by Sage Rehabilitation Hospital. (Doc. 18 at p. 1 (Lee's Opposition to FAEC's Motion to Dismiss)). Sage Rehabilitation Hospital leases space located on premises owned by Defendant FAEC. (*See id.* at pp. 1–2). "On or about May, [sic] 15, 2012, . . . at Summa Dr. [sic] Baton Rouge, LA 70809 . . ., [Lee] entered into the dining area of Sage Rehabilitation Hospital and slipped and fell in a puddle of excess water from mopping that had occurred prior to her fall." (Doc. 1-4 at ¶ 2 (Petition for Damages)). As a result of her fall, Lee "suffered painful and disabling bodily injuries necessitating medical treatment and surgery." (*Id.* at ¶ 4).

Lee alleges that at the time she slipped and fell, "no warning signage was present" in the dining area. (*Id.* at ¶ 3). Lee further states: "[FAEC] through its agents, assignees, lessees, representatives and/or employees knew or should have known of the substances but failed to exercise reasonable care to remove the hazards and/or warn of the substances, despite having adequate time and despite the cleaning procedures and verbal warnings." (*Id.*).

On May 14, 2013, Lee sued FAEC and FAEC's liability insurance provider in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana alleging that FAEC's negligence resulted in her accident. (*Id.* at ¶¶ 1–5). On June 27, 2013, FAEC removed Lee's petition to this Court, asserting diversity jurisdiction pursuant

---

*Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). As a result, "[s]hotgun pleadings delay cases by wasting scarce judicial and parajudicial resources." *Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1251 (11th Cir. 2013) (alterations omitted)).

to 28 U.S.C. § 1332(a). (Doc. 1). Then, on September 13, 2013, FAEC filed the motion to dismiss that is the subject of this Order. (Doc. 8). Lee filed a memorandum in opposition to FAEC's motion to dismiss, (*see* Doc. 18); at no point, however, has Lee sought leave to amend her petition.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Stated differently, a complaint must state "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[a] plaintiff's claim must contain enough facts to state a claim to relief that is plausible on its face. A petition meets this standard when it contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brand Coupon Network*, 748 F.3d at 634 (quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation

3

marks omitted). Additionally, "a district court generally must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network*, 748 F.3d at 635. However, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are *referred to in the pleadings* and are central to a plaintiff's claims." *Id.* (emphasis added).

## III. ANALYSIS

Lee's Petition alleges a claim for premises liability under Louisiana law. (Doc. 1-4 at ¶ 5). For reasons to follow, the Court determines that Lee's claim fails to withstand FAEC's motion to dismiss.

### 1. Premises Liability

Various provisions define Louisiana's law of premises liability as it relates to this case. First, Louisiana Civil Code article 2317 states, in pertinent part:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.

La. C.C. art. 2317. Second, Civil Code article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

*Id.* at 2317.1. Finally, section 9:3221 of Louisiana's Revised Statutes provides:

> Notwithstanding the provisions of Louisiana Civil Code Article 2699[3], the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

La. R.S. 9:3221; *see Stelly v. Overhead Door Co. of Baton Rouge*, 94-0569 (La. 12/8/94), 646 So. 2d 905, 913 ("A lessee may contractually assume the owner's responsibilities for the condition of the leased premises, including liability for any injuries resulting from defects in the premises pursuant to LSA–R.S. 9:3231." (citations omitted)); *Ford v. Bienvenu*, 2000-2376 (La. App. 4 Cir. 8/29/01), 804 So. 2d 64, 68, *writ denied*, 2001-2688 (La. 12/14/01), 804 So. 2d 639 ("La. R.S. 9:3221 provides a mechanism for the transfer of responsibility for the condition of leased premises from a lessor to a lessee.").

In sum, to survive FAEC's Motion to Dismiss, Lee's Petition must adequately allege: (1) FAEC had custody of the premises at "Summa Dr. [sic] Baton Rouge, LA 70809," (Doc. 1-4 at ¶ 2); (2) the premises contained a defect (condition creating an unreasonable risk of harm); (3) said defective condition caused Lee's injuries; and (4) either FAEC, as landlord, retained responsibility for all defective conditions on the property *or* FAEC "knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time." La. R.S. 9:3221; *see* La. C.C. art. 2317, *et seq.*; *Stelly*, 646 So. 2d at 913; *Ford*, 804 So. 2d at 68.

---

[3] Louisiana Civil Code article 2699 provides for a lessee's waiver of the warranty against vices or defects in certain circumstances. *See Stuckey v. Riverstone Residential SC, LP*, 2008-1770 (La. App. 1 Cir. 8/5/09), 21 So. 3d 970, 974, *writ denied*, 2009-2328 (La. 1/8/10), 24 So. 3d 873.

Lee's Petition fails multiple prongs of the Rule 12(b)(6) inquiry. First, there is nothing in the *Petition* to connect FAEC to the premises at "Summa Dr. [sic] Baton Rouge, LA 70809," (Doc. 1-4 at ¶ 2). Indeed, it is only by way of FAEC's motion to dismiss and Lee's response that the relationship between FAEC and the premises is established. (*See* Doc. 8-1 at p. 2 ("FAEC is merely the landlord of the building in which Sage operated . . . ."); Doc. 18-1 at p. 1 ("Joann Lee, while employed by Sage Rehab occupied the premises owned by and within the custody of FAEC . . . .")). Thus, insofar as the Court's analysis is limited to the contents of the Petition, Lee has failed to establish that FAEC had custody of the premises at issue. *See Brand Coupon Network*, 748 F.3d at 635.

More fundamentally, Lee's Petition fails to address the landlord/lessee relationship between FAEC and Sage Rehabilitation Hospital, much less allege specific facts to establish *either* (1) FAEC, as landlord, retained responsibility for *all* defective conditions on its property, *or* (2) FAEC "knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time." La. R.S. 9:3221. On this point, Lee's Petition is limited to a boilerplate assertion that "[FAEC] through its agents, assignees, lessee, representatives, and/or employees knew or should have known of the [puddled mop water] but failed to exercise reasonable care to remove the [puddle] and/or warn of the [puddle] despite having adequate time . . . cleaning procedures and verbal warnings." (*See* Doc. 1-4 at ¶ 3). Lacking greater specificity regarding (1) whether FAEC assigned liability for defective conditions to its lessee and, if so, (2) how FAEC was informed about the

spill and (3) how much time passed between FAEC receiving notice of the spill and Lee's accident, Lee has failed to adequately plead the basis for FAEC's liability for the spilled mop water. *See* La. R.S. 9:3221; *Stelly*, 646 So. 2d at 913; *Ford*, 804 So. 2d at 68. To repeat: "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (quotation marks and alterations omitted).

### 2. Additional Considerations: Dismissal with Prejudice

Throughout the pendency of the motion to dismiss her case, Lee urged the sufficiency of her Petition and did not seek leave to amend, despite awareness of its potential deficiencies. (*See* Doc. 8-1 at pp. 2, 4 (FAEC's Memorandum in support of its Motion to Dismiss, noting the deficiencies discussed above); Doc. 18 at p. 5 (Lee's Opposition to FAEC's Motion to Dismiss, stating "[e]ach allegation within the Plaintiff's Petition for Damages provides a clear and detailed factual basis upon which this Honorable Court may draw reasonable inferences and/or logical extensions that the Defendant is liable as a property owner and/or lessor")). Having failed to allege sufficient facts to make out a claim against FAEC, and having failed to provide any indication that her claim may be pleaded with additional specificity so as to satisfy the standards required by Rule 8, Lee's Petition will be dismissed with prejudice. *Cf. Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) ("[Plaintiff's] request *now* to amend, after his case has been dismissed . . ., rings hollow in light of his failure to amend his complaint as a matter

of right and his failure to furnish the district court with a proposed amendment while the motions to dismiss were pending." (quotation marks and alterations omitted)).

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that FAEC's **MOTION TO DISMISS (Doc. 8)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Lee's Petition is **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 18th day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**